BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kimberly Jane Freeland, | ) | |
| | ) | Case No. 25-10572 |
| | ) | |
|     Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| Kimberly Jane Freeland, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 26-02001 |
| | ) | |
| U.S. Bank National Association, | ) | |
| not in its individual capacity but | ) | |
| solely as Owner Trustee for RCAF | ) | |
| Acquisition Trust; Selene Finance | ) | |
| LP; Anthony Maselli, Substitute | ) | |
| Trustee; Genevieve Johnson, | ) | |
| Substitute Trustee, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS ADVERSARY PROCEEDING**

Plaintiff, Kimberly Jane Freeland, commenced this adversary

proceeding on January 6, 2026, alleging violations of the automatic

stay, and seeking further declaratory relief against U.S. Bank
National Association not in its individual capacity but solely as
Owner Trustee for RCAF Acquisition Trust; Selene Finance LP;
Anthony Maselli, Substitute Trustee; Genevieve Johnson, Substitute
Trustee (collectively, "Defendants"). ECF No. 1.  On February 4,
2026, Defendants moved to dismiss Plaintiff's complaint for
failure to state a claim under Fed. R. Civ. P. 12(b)(6), made
applicable to this proceeding by Fed. R. Civ. P. 7012. ECF No. 6.
Plaintiff is proceeding pro se.[1]  Because Plaintiff's complaint
fails to allege a violation of the automatic stay, the Court will
grant Defendants' motion and dismiss this adversary proceeding.

## JURISDICTION AND AUTHORITY

The district court has jurisdiction over civil proceedings
arising under title 11 or arising in or related to cases under
title 11.  28 U.S.C. § 1334(b).  Under 28 U.S.C. §157, the United
States District Court for the Middle District of North Carolina
has referred this proceeding to this Court by its Local Rule 83.11.
A claim alleging violation of the automatic stay under 11 U.S.C.
§ 362(k) arises under title 11, is a statutorily core proceeding
under 28 U.S.C. § 157(b), and the Court has constitutional
authority to hear and determine claims under 11 U.S.C. § 362(k) by

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines v.
Kerner, 404 U.S. 519, 520 (1972).

final order.   See In re Red Ash Coal & Coke Corp., 83 B.R. 399,
400 (W.D. Va. 1988).

## STANDARD OF REVIEW

Rule 12(b)(6), provides for dismissal of a claim if it
"fail[s] to state a claim upon which relief can be granted." Fed.
R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012.   A complaint will
survive a motion to dismiss if it states, "sufficient factual
matter, accepted as true, 'to state a claim to relief that is
plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007)).

"[A] plaintiff is not required to plead facts that constitute
a prima facie case in order to survive a motion to dismiss" but is
simply required to make allegations sufficient "to raise a right
to relief above the speculative level." Coleman v. Md. Ct. of
Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30
(2012) (citing Twombly, 550 U.S. at 555).   "[L]egal conclusions,
elements of a cause of action, and bare assertions devoid of
further factual enhancement" do not constitute well-plead facts
and are therefore disregarded.   Nemet Chevrolet, Ltd. v.
Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

The evaluation of a motion to dismiss is typically limited to
the allegations of the complaint itself, but the Fourth Circuit
permits consideration of documents "submitted by the movant that

3

w[ere] not attached to or expressly incorporated in a complaint, so long as the document[s] w[ere] integral to the complaint and there is no dispute about the documents['] authenticity." <u>Goines v. Valley Community Services Bd.</u>, 822 F.3d 159, 166 (4th Cir. 2016) (citation modified).  A document is "integral" to the complaint where the complaint relies heavily upon its terms and effect, <u>id.</u> (citing <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002), and documents without independent legal significance to the plaintiff's claim are generally not considered integral to the complaint.  <u>Id.</u> (citing <u>Smith v. Hogan</u>, 794 F.3d 249, 255 (2d Cir. 2015).

## BACKGROUND[2]

Prepetition, U.S. Bank Trust National Association, ("U.S. Bank") commenced a foreclosure action against Kimberly Jane Freeland ("Plaintiff") in the General Court of Justice Superior Court Division of Guildford County (the "Superior Court").  Case No. 24SP002424-400; <u>see</u> ECF No. 1.  On September 4, 2025, at 9:25

---

[2] The Court has accepted the factual allegations in Plaintiff's complaint, ECF No. 1, as true for purposes of determining whether the complaint states a claim upon which relief may be granted, except those contrary facts of which the Court may take judicial notice.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  "[A] court may take judicial notice of its own records."  <u>Watkins v. Wells Fargo Bank</u>, No. CIV.A. 3:10-1004, 2011 WL 777895, at *3 (S.D.W. Va. Feb. 28, 2011); <u>see, e.g.</u>, <u>Anderson v. Fed. Deposit Ins. Corp.</u>, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (finding that a district court "should properly take judicial notice of its own records" at the motion to dismiss stage); <u>see also</u> Fed. R. Evid. 201(c).  "[B]oth the Supreme Court of the United States and the Fourth Circuit have found that courts may take judicial notice of items or matters in the public record, even at the 12(b)(6) stage of a proceeding."  <u>Watkins</u>, 2011 WL 777895, at *3; <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 268 n.1 (1986); <u>Sec'y of State for Defence v. Trimble Navigation Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007).

a.m., Plaintiff filed a voluntary petition for relief under chapter 7. Case No. 25-10572, ECF No. 1. At 9:59 a.m., Plaintiff filed a Notice of Bankruptcy Case Filing in the Superior Court case. ECF No. 1, ¶ 5. At 10:32 a.m., Plaintiff forwarded an image of this Notice of Bankruptcy Case Filing by electronic mail to John Kearns. Case No. 25-10572, Plaintiff's Ex. 8. Plaintiff testified that Kearns had previously represented U.S. Bank and that she believed he still did. Kearns responded to Plaintiff's message explaining that he was no longer counsel for U.S. Bank, Case No. 25-10572, ECF No. 28, at 00:32:30-00:33:30, and he forwarded the message to current counsel at approximately 10:56 a.m., four minutes before the scheduled foreclosure sale. Case No. 25-10572, ECF No. 17, at 12. The foreclosure sale was held at 11:00 a.m. on September 4, 2025. Id. at 15. The following day, the Superior Court issued a Report of Foreclosure Sale. Id. at 7. Later that same day, U.S. Bank filed a Motion to Set Aside Report of Foreclosure Sale, id. at 9, and on September 8, 2025, the Superior Court entered an order setting aside the report of foreclosure sale. Id. at 15.

On September 24, 2025, Plaintiff filed a Motion to Enforce Automatic Stay, Declare Foreclosure Acts Void, for Sanctions Under 11 U.S.C. § 362(k), and for Ancillary Relief. Case No. 25-10572, ECF No. 11. On October 9, 2025, Plaintiff amended the motion. Case No. 25-10572, ECF No. 17. Plaintiff sought an order: (1)

5

enforcing the automatic stay; (2) declaring the foreclosure sale void <u>ab initio</u>; (3) directing the striking/expungement of all sale-related filings in the state court; and (4) awarding damages, fees, and sanctions against U.S. Bank under 11 U.S.C. § 362(k).  On October 23, 2025, the Court entered an Order denying Plaintiff's motion.  Case No. 25-10572, ECF No. 31.  The Court found that: (1) the foreclosure sale is of no effect by operation of N.C. Gen. Stat. § 45-21.22; (2) Plaintiff is not entitled to damages under 11 U.S.C. § 362(k) because U.S. Bank's technical violation of the automatic stay was not willful; and (3) any irregularities in the state court foreclosure process or expungement of its records are a matter for the state court in the event the foreclosure action is brought at a later date.[3]  <u>Id.</u>

Also prepetition, on August 28, 2025, Plaintiff initiated her own proceeding against Defendants in the Superior Court, Case No. 25CV019592-400 seeking, among other things, to invalidate a lien held by Defendants on her real property.  Defendants' Ex. A (the "State-court Proceeding").  On October 9, 2025, and October 14, 2025, respectively, certain Defendants filed motions to dismiss Plaintiff's complaint in the State-court Proceeding.  ECF No. 7-

---

[3] On October 31, 2025, Plaintiff filed a motion asking the Court to reconsider its prior order, Case No. 25-10572, ECF No. 36, which the Court denied on December 8, 2025.  Case No. 25-10572, ECF No. 48.

3, at 13, 36.  On November 10, 2025, the state court held a hearing on the motions to dismiss.  ECF No. 1, at 6; ECF No. 7, at 6.

Plaintiff commenced this adversary proceeding on January 6, 2026.  ECF No. 1.  Plaintiff's complaint alleges that the foreclosure action in Superior Court was in violation of the automatic stay.  Id. ¶¶ 5—12; Case No. 25-10572, ECF No. 17, at 7. Plaintiff largely realleges the facts in her previous motion for sanctions in the underlying case.  Plaintiff alleges: (1) Defendants caused the filing of post-petition pleadings that falsely asserted that the bankruptcy had occurred after the sale, ECF No. 1, ¶ 13; (2) on November 10, 2025, Defendants appeared through counsel at a state court hearing and the relief sought and arguments advanced were intended to advance foreclosure enforcement and preserve Defendants' lien and collection rights notwithstanding Defendants' knowledge of the pending bankruptcy case.  Id. ¶¶ 14-18.  Plaintiff seeks damages for willful violations under 11 U.S.C. § 362(k) and a declaratory judgement clarifying the legal effect of Defendants' post-petition actions. Id. at 3-4.  On February 4, 2025, Defendants filed a Joint Motion to Dismiss the Complaint and Brief in Support of Defendants' Motion.  ECF Nos. 6 & 7.  Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Id.

## DISCUSSION

On October 23, 2025, this Court entered an order in Plaintiff's main bankruptcy proceeding denying a Motion for Sanctions under 11 U.S.C. § 362(k) determining that the September 4, 2025, foreclosure sale, identified as a basis for violating the stay in Plaintiff's complaint, was a mere technical violation of the automatic stay, for which Plaintiff did not suffer any damages. Case No. 25-10572, ECF No. 31; see also ECF No. 1, ¶¶ 5-12. Plaintiff argues that this adversary proceeding does not seek to relitigate the Court's earlier ruling, nevertheless Plaintiff again points to the foreclosure sale as violative of the stay. ECF No. 1, at 3 & 6. The Court has determined that any alleged violation was technical, and that Plaintiff did not suffer any damages. Case No. 25-10572, ECF No. 31. For the reasons set forth in the Court's prior order, the Court will dismiss any claims to the extent raised by Plaintiff's complaint and previously addressed by the Court in its Order Denying Debtor's Motion to Enforce Automatic Stay. Plaintiff's complaint asserts an additional basis in support of a violation of the stay; the Court will address the allegation below.

### I. Portions of Defendants' exhibits are integral to the complaint.

Plaintiff's alleged violations of the automatic stay focus on arguments Defendants advanced in defense to Plaintiff's claims in

the State-court Proceeding on November 10, 2025. ECF No. 1, at 6. As stated by Plaintiff, "[t]he relief sought and arguments advanced [at the State-court Proceeding] were intended to advance foreclosure enforcement and preserve Defendants' lien and collection rights notwithstanding the pending bankruptcy case." Id. Plaintiff did not allege any facts regarding improper affirmative (rather than defensive) relief sought by Defendants in the state court.

Defendants attach to their motion to dismiss copies of their filings in the Superior Court and argue that the November 10, 2025, filings are integral to the complaint, and therefore may be considered under Goines v. Valley Community Services Bd.[4] 822 F.3d at 166 (explaining that a court may consider documents supplied by a movant at the motion to dismiss stage so long as it is "integral" to the complaint and the complaint relies heavily upon its terms and effect). The authenticity of the filings attached to Defendants' motion to dismiss is not subject to dispute and the filings are integral to the complaint. Plaintiff generally alleges that Defendants "intended to advance foreclosure enforcement and preserve Defendants' lien and collection rights. . . ." ECF No. 1, ¶ 15; ECF No. 7-3. Plaintiff's primary allegation relies on

---

[4] Defendants also contend that the Court is permitted to take judicial notice of state court records. ECF No. 7, at 9 (citing Corbitt v. Baltimore City Police Dep't, 675 F. Supp. 3d 578, 586 (D. Md. 2023)).

the filings made, and arguments advanced at the November 10, 2025, hearing. Thus, the complaint relies heavily upon the effect of Defendants' actions in the State-court Proceeding, and records of those actions are integral to the complaint and will be considered as part of the complaint.

## II. Plaintiff's complaint fails to state a claim under 11 U.S.C. § 362(k).

The automatic stay is the fundamental protection given to debtors under the Bankruptcy Code, and protects a debtor from an action, to "continu[e], . . . judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ." 11 U.S.C. § 362(a)(1) (emphasis added). Only actions "against" the debtor are barred by the automatic stay. In re Abreu, 527 B.R. 570, 578–79 (Bankr. E.D.N.Y. 2015) (explaining that actions brought by a debtor that may inure to the benefit of the bankruptcy estate do not violate the stay). Courts look to the inception of a proceeding to determine if the stay applies. In re Gecy, 510 B.R. 510, 522 (Bankr. D.S.C. 2014) (explaining that the dispositive question is whether a proceeding is brought against the debtor) (citing Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1991), reh'g granted and opinion vacated (Jan. 10, 1992), opinion reinstated on reh'g (Mar. 24, 1992)). Proceedings are not viewed as indivisible sums; instead, courts employ an

analysis similar to the choice of law analysis—Décapage—to assess whether a proceeding was brought against the debtor and whether the stay applies. Id.; Kozaczek v. ConServe, No. 1:12-CV-55, 2013 WL 5274851, at *1 (D. Vt. Sept. 18, 2013); see also Mar. Elec. Co., 959 F.2d at 1204-05.[5]    Seeking dismissal of a proceeding initiated by the debtor prepetition is not in violation of the automatic stay. See In re Boy Scouts of Am. & Delaware BSA, LLC, 642 B.R. 504, 578 (Bankr. D. Del. 2022) (explaining that defending a prepetition complaint filed by a debtor is not a violation of the stay), supplemented, No. 20-10343 (LSS), 2022 WL 20541782 (Bankr. D. Del. Sept. 8, 2022), aff'd, 650 B.R. 87 (D. Del. 2023), aff'd in part, rev'd in part, dismissed in part sub nom. In re Boy Scouts of Am., 137 F.4th 126 (3d Cir. 2025), and aff'd, 650 B.R. 87 (D. Del. 2023); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989) ("the automatic stay is inapplicable to suits by the [debtor].").

    Upon consideration of the complaint and attached exhibits, the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).[6]   See Reid v. Comm'r of Internal Revenue, 878 F.2d 1430,

---

[5] Although courts look to the inception of the proceeding, courts generally recognize that, even where a debtor commences an action, counterclaims against a debtor are stayed. See Educ. Res. Inst., Inc. v. Concannon, 896 N.Y.S.2d 306 (2010); Abreu, 527 B.R. at 578-79. Plaintiff has not alleged that Defendants pursued any counterclaims against her postpetition.

[6] Plaintiff alleged that Defendants made arguments "intended to advance foreclosure enforcement and preserve Defendants' lien and collection rights." ECF No. 1, ¶ 15. Nevertheless, the state court records demonstrate that the

1989 WL 74867, at *1 n* (4th Cir. 1989) (per curiam) (unpublished) (explaining that an action initiated by a debtor to seek redetermination of tax deficiencies owed to the Internal Revenue Service was not stayed by a bankruptcy petition because it was initiated by the debtor).  Plaintiff alleges that the arguments advanced at the hearing on November 10, 2025, were "intended to advance foreclosure enforcement and preserve Defendants' lien and collection rights. . . ." ECF No. 1, ¶ 15.  These allegations are conclusory, and do not allege any specific action taken other than defending her claims challenging the foreclosure.  The motions to dismiss in the State-court Proceeding demonstrate that Defendants merely defended Plaintiff's action seeking to invalidate Defendants' legal rights.  ECF Nos. 7-1 & 7-3; see In re Merrick, 175 B.R. 333, 337–38 (B.A.P. 9th Cir. 1994) (explaining that a creditor is permitted to defend against a pre-bankruptcy lawsuit initiated by the debtor).  Defendants' motions to dismiss, discussed at the November 10, 2025, hearing, assert no counterclaims, or other claim against Plaintiff, and defensive acts by Defendants are not automatic stay violations.  See In re Garcia, 553 B.R. 1, 14 (Bankr. D.P.R. 2016); see also Gecy, 510

---

relief sought by Defendants was solely defensive and occurred in an action commenced by Plaintiff and separate from the foreclosure action.  Defendants' Exhibit A.  Plaintiff fails to identify what arguments Defendants made that violated the stay, and the threadbare allegation that the "relief sought" was intended to advance foreclosure enforcement and preserve Defendants' lien, without more, is insufficient-even liberally construed.  ECF No. 1.

B.R. at 522-23.  Thus, moving to dismiss the State-court Proceeding initiated by Plaintiff did not violate the automatic stay. Plaintiff failed to allege that a violation of the automatic stay occurred, and the complaint will be dismissed.[7]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants' motion is granted, and this adversary proceeding is dismissed without prejudice.

[END OF DOCUMENT]

---

[7] The complaint also ask the Court to "Declare that Defendants' post-petition acts to record, publish, enforce, or rely upon the September 4, 2025, foreclosure sale are void without legal effect."  ECF No. 1, at 6-7.  As explained in the Order Denying Debtor's Motion to Enforce Automatic Stay, To Declare Post-Petition Sale Void, and For Sanctions Under 11 U.S.C. § 362(k), Case No. 25-10572, ECF No. 31, at 5 n.3., the foreclosure sale was of no effect under state law due to the commencement of the bankruptcy proceeding prior to the expiration of the upset bid period.  See N.C. Gen. Stat. § 45-21.22.  Thus, declaratory relief is unnecessary.

13

<u>Parties to be Served</u>
26-02001


John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                     Via CM/ECF

John Michael Kearns
Counsel for Defendants                            Via CM/ECF

Sydney Marie Cauthen
Counsel for Defendants                            Via CM/ECF

Kimberly Jane Freeland
3615 Pertland Trail
Greensboro, NC 27405